UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MATT E. RUCK, | Case Nos. 3:15-cr-00062-EJL |
| | 3:18-cv-00390-EJL (Lead Case) |
| Petitioner, | |
| | 3:16-cr-00183-EJL |
| vs. | 3:18-cv-00394-EJL |
| | |
| | 3:14-cr-00246-EJL |
| UNITED STATES OF AMERICA, | 3:18-cv-00395-EJL |
| | |
| Respondent. | **ORDER** |

Pending before the Court in the above entitled matters are Petitioner's Motions to

Vacate, Set Aside, or Correct Sentence under § 2255 and other related Motions.[1] The

parties have filed their responsive briefing on the Motions or the time for doing so has

passed. The matters are, therefore, ripe for the Court's review.

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner, Matt E. Ruck, was charged with a number of crimes in three separate

criminal cases: 3:14-cr-246-EJL (wire fraud and theft of government property), 3:15-cr-

62-EJL (unlawful possession of firearms and ammunition), and 3:16-cr-183-EJL (making

---

[1] In this Order, "(CR)" is used when citing to the criminal case record in 3:15-cr-62-EJL and
"(CV)" is used to cite to the record in the lead civil case, 3:18-cv-390-EJL. When citing to the
other cases, those case numbers will be specified in the citation.

false statements on a certification to the General Services Administration System for Award Management). Mr. Ruck proceeded to trial on the wire fraud and theft charges and was convicted on all fourteen counts. (CR 80, 3:14-cr-246-EJL.) Thereafter, Mr. Ruck plead guilt to the remaining charges in the other two cases pursuant to a written plea agreement. (CR 58, 3:15-cr-62-EJL and CR 4, 3:16-cr-183-EJL.) On November 1, 2016, the Court sentenced Mr. Ruck to 60 months imprisonment followed by 3 years of supervised release on each count in each case to run concurrently. In addition, the Court ordered Mr. Ruck to pay $206,081.35 in restitution.

The Ninth Circuit affirmed Mr. Ruck's convictions and sentences and, on April 30, 2018, issued its mandate. (CR 105.) Thereafter, in August and September of 2018, Petitioner filed timely Motions to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 in each of his three cases. The cases have been consolidated with Case Number 3:18-cv-390-EJL being assigned as the Lead Case. (CV 8.)

## STANDARD OF LAW

Section 2255 permits a federal prisoner in custody under sentence to move the court that imposed the sentence to vacate, set aside, or correct the sentence on the grounds that:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack ....

28 U.S.C. § 2255(a); *see also Hill v. United States*, 368 U.S. 424, 426-27 (1962) (stating the four grounds for § 2255 relief). Relief under § 2255 is afforded "[i]f the court finds that...there has been such a denial or infringement of the constitutional rights of the prisoner

as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b).

The standard of review for § 2255 petitions is "stringent" and the court "presumes earlier proceedings were correct." *United States v. Nelson*, 177 F.Supp.2d 1181, 1187 (D. Kan. 2001) (citation omitted). To prevail on a § 2255 motion, the "defendant must show a defect in the proceedings which resulted in a 'complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). "[R]elief is not available merely because of error that may have justified reversal on direct appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982); *United States v. Addonizio*, 442 U.S. 178, 184 (1979).

Pursuant to 28 U.S.C. § 2255, a hearing must be granted "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In determining whether a hearing is required, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011). Where, however, "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion," *see* Rule 4(b) of the Rules Governing Section 2255 Proceedings. Mere "conclusory statements in a § 2255 motion are not enough to require a hearing." *See United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

## ANALYSIS

### 1.    § 2255 Petition

Petitioner's § 2255 Motions raise claims of ineffective assistance of counsel alleging his trial counsel failed to object to 1) the Government's breaches of the Plea

Agreement; 2) the restitution amount; and 3) the Court's guidelines calculation. (CV 1.) Further, Petitioner claims his appellate counsel was ineffective for failing to raise issues on appeal. (CV 1.)

The Sixth Amendment guarantees "the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). The two-prong standard for evaluating a Sixth Amendment ineffective assistance of counsel claim is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). "To be entitled to habeas relief due to the ineffectiveness of defense counsel, petitioner must establish both that counsel's performance was deficient and that the deficiencies prejudiced the defense." *Medina v. Barnes*, 71 F.3d 636, 368 (9th Cir. 1995) (quoting *Strickland*, 466 U.S. at 687, 689). Mere conclusory allegations do not prove that counsel was ineffective. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989). A petitioner claiming ineffective assistance of counsel must allege specific facts which, if proved, would demonstrate that counsel's actions were 1) deficient and 2) prejudicial. *Strickland*, 466 U.S. at 687-690, 696; *Weaver v. Massachusetts*, 137 S.Ct. 1899, 1909–10 (2017). The Court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the movant resulting from the alleged deficiencies. *Strickland*, 466 U.S. at 697. Nor does the court need to address both prongs of the *Strickland* test if the petitioner's showing is insufficient as to one prong. *Id.*

### A. Breach of the Plea Agreement

Mr. Ruck argues his trial counsel failed to object to the Government's breaches of the plea agreement when it recommended a sentence above and/or outside the guideline

range and argued against acceptance of responsibility. (CV 1, 15.) The Government did

not breach the Plea Agreement.

Under the terms of the Plea Agreement, the Government agreed to "recommend a

sentence within the guideline range as determined by the Court at the time of sentencing."

(CR 57.) The Government did so here.

In responding to Mr. Ruck's objections to the presentence report, the Government

agreed with Mr. Ruck that the enhancement under § 3C1.3 was not applicable but

acknowledged that the Court could consider certain facts underlying probation's basis for

initially applying that enhancement as grounds for an adjustment under § 5K2.0. (CR 75.)

The Government's sentencing memorandum recommended a sentence of 60 months

which, at the time it was filed, was within the guideline range of 57-71 months as calculated

in the final presentence report as well as with the resulting advisory guideline range of 51-

63 months after applying the § 5K1.1 downward departure. (CR 76.) At the sentencing

hearing, however, the Court calculated the guideline range to be 41-51 months. (CR 86,

100.)[2] Thereafter, the Government acknowledged that it was prohibited by the Plea

Agreement from requesting anything above the guideline range and accordingly

recommended a sentence of 51 months based on the Court's calculation of the applicable

guideline range. (CR 100 at 12.) The Government did not argue for an upward adjustment

or for a sentence outside of the guidelines range. Just the opposite, the Government

---

[2] The Court's final Guideline calculation was 46-57 months after it applied an upward departure.
(CR 86, 88, 100.)

expressly stated at the sentencing hearing that it was not requesting and upward departure and that its recommendation was for a sentence within the guideline range. (CR 100 at 8, 12, 14.)

As to acceptance of responsibility, the Plea Agreement provided that "If the defendant clearly accepts responsibility for the offense, the defendant will be entitled to a reduction of two levels in the combined adjusted offense level." (CR 58.) Mr. Ruck plead guilty in two of the three cases against him but only after he proceeded to trial in the wire fraud and theft case. The Court granted Mr. Ruck a two-level reduction for acceptance of responsibility consistent with the Plea Agreement for the two cases to which he plead. (Dkt. 100 at 18-19.) Mr. Ruck was not entitled to any additional credit for acceptance of responsibility in the case which he proceeded to trial on nor was the Government precluded from arguing against any such reduction in the case that went to trial as there was no plea agreement in that case.

Based on the foregoing, the Court finds Petitioner's claims that the Government breached the Plea Agreement are without merit. Therefore, counsel was not ineffective for not having raised a futile and meritless claim. *See Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996) ("[T]he failure to take a futile action can never be deficient performance"). Moreover, Mr. Ruck suffered no resulting prejudice. *Strickland*, 466 U.S. at 694 (Prejudice occurs where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different….").

### B. Restitution Amount

Mr. Ruck argues his attorney was ineffective for failing to object to the "erroneous determination of the restitution amount." (CV 1.) Petitioner cannot, however, collaterally attack his restitution order in a § 2255 Motion. *United States v. Thiele*, 314 F.3d 399, 401 (9th Cir. 2002); *United States v. Kramer*, 195 F.3d 1129 (9th Cir. 1999). Therefore, this claim is denied. 28 U.S.C. § 2255(b).

### C.    Guidelines Calculation

Mr. Ruck claims his counsel was ineffective by failing to object to the Court's calculation of his criminal history as category III instead of category II. (CV 1, 15.) In particular, Mr. Ruck argues 1) his prior convictions were more than ten years old and should not have counted and 2) that he was not on supervision at the time of these offenses.

Under § 4A1.2(e), sentences "imposed within ten years of the defendant's commencement of the instant offense" are included in the criminal history calculation. "Commencement of the instant offense" includes any relevant conduct. *See* Application Note 8 U.S.S.G. § 4A1.2(e) (2016). Here, Mr. Ruck's relevant conduct on the charges of wire fraud and theft of government money occurred as early as August 30, 2012. (CR 1 in Case No. 3:14-cr-246-EJL.) Mr. Ruck's prior conviction for issuing an insufficient funds check was imposed on February 7, 2003, within ten years of the commencement of the instant offenses. (CR 80 at ¶ 113.) Therefore, his prior conviction was properly included in the criminal history calculation under § 4A1.2(e). Likewise, and for the same reasons, Mr. Ruck was on supervision for his state forgery conviction, Latah County, ID Docket No.: CR2005-0002960, at the time he committed the instant offenses. (CR 80 at ¶ 122, 125.)

Accordingly, two points were added to his criminal history calculation pursuant to § 4A1.1(d).

Mr. Ruck's criminal history category was correctly calculated and applied at sentencing. Accordingly, counsel was not ineffective for not having objected to the criminal history calculation at sentencing as doing so would have been futile and Petitioner suffered no prejudice. *See Rupe*, *supra* and *Strickland*, *supra*.

### D. Appellate Counsel

Mr. Ruck argues his appellate counsel was ineffective for failing to raise the trial issues on appeal and also for arguing the incorrect basis to challenge the § 3B1.3 enhancement. (CV 1, 15.) For the reasons previously stated, appellate counsel was not ineffective for failing to raise the above issues on appeal. There was no breach of the Plea Agreement and the criminal history score was properly calculated.

As to the enhancement, under § 3B1.3 the offense level is increased by two where the defendant "abused a position of…trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense…." U.S.S.G. § 3B1.3. Mr. Ruck argues his appellate counsel improperly focused on the "violation of a position of trust" but at sentencing the Court applied the "use of a special skill." (CV 1, 15.) This claim also fails.

At sentencing, the Court concluded that the § 3B1.3 enhancement applied based on the number of steps in Mr. Ruck's scheme to defraud which required a sophisticated knowledge of the contracting and use of the government purchase credit card and that Mr. Ruck had managerial authority and discretion over the purchases and use of the

transactions. (CR 89.) The enhancement was properly applied and the Ninth Circuit affirmed the Court's application of the enhancement. (CR 105.) Therefore, appellate counsel was not ineffective and Petitioner suffered no prejudice. *See Rupe*, *supra* and *Strickland*, *supra*.

### E. Conclusion

Based on the records in each of these cases, the Court finds Petitioner's claims of ineffective assistance of counsel are without merit. Counsel was not defective for not having raised futile and meritless claims. *See Rupe*, 93 F.3d at 1445 ("[T]he failure to take a futile action can never be deficient performance"). Moreover, Mr. Ruck suffered no resulting prejudice. *Strickland*, 466 U.S. at 694 (Prejudice occurs where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different…."). Because the records conclusively show that Mr. Ruck is entitled to no relief, the Petition is dismissed without an evidentiary hearing. 28 U.S.C. § 2255(b).

### 2. Related Motions

Petitioner has filed a Motion to Reconsider, Motion to Modify Briefing Schedule, and Motion to Expand Record. (CV 9-11.)

The Motion to Reconsider relates to the Court's Order denying Petitioner's request to proceed *In Forma Pauperis*. (CV 9.) The Motion is denied. There is no filing fee for § 2255 Petitions and there are no costs Petitioner will incur in this case given the Court's ruling herein and because the relevant transcripts have been prepared.

The Motion to Modify Briefing Schedule and Motion to Expand Record are granted. (CV 10, 11.) The Government does not oppose either Motion. (CV 12.) The parties have fully briefed the Petition and the Court has considered the same as well as the documents submitted by Petitioner.

**3.    Certificate of Appealability**

Petitioner cannot appeal from the denial or dismissal of his § 2255 Motion unless he first obtains a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A certificate of appealability is warranted when "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003); 28 U.S.C. § 2253(c). No such showing has been made in this case and, therefore, the certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED:

1.    Petitioner's Motions to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 are **DENIED**. (CV 1, 3:18-cv-390-EJL); (CR 137, 3:14-cr-246-EJL); (CR 106, 3:15-cr-62-EJL); (CR 50; 3:16-cr-183-EJL).

2.    Petitioner's Motion to Reconsider (CV 9, 3:18-cv-390-EJL) is **DENIED**.

3. Petitioner's Motion to Modify Briefing Schedule (CV 10, 3:18-cv-390-EJL) and Motion to Expand Record. (CV 11, 3:18-cv-390-EJL) are **GRANTED**.

4. The Certificate of Appealability is **DENIED**.

5. The Clerk of the Court is directed to file this Order in each of the three civil and criminal cases listed in the caption.

DATED: May 9, 2019

Honorable Edward J. Lodge
U.S. District Judge